IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GELCO CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEN-STAR OF MINNESOTA, LLC, a Minnesota limited liability company,<br><br>Defendant. | Civil Case No. 09-cv-1228 (DSD/AJB) |

## STIPULATED TEMPORARY RESTRAINING ORDER

This matter comes before the Court upon the Stipulation of the parties and on the Motion of Plaintiff, Gelco Corporation ("Gelco"), for Injunctive Relief and an Order of Replevin (the "Motion"). Due and proper notice having been given to Defendant, Den-Star of Minnesota, LLC ("Den-Star"). Gelco alleges, based upon its Verified Complaint, the Motion and the Affidavit of Beth Bonell (the "Bonell Affidavit") submitted in support of the Motion:

1. Den-Star is in default under the Agreements (as that term is defined in the Verified Complaint).

2. Gelco possesses, as security for the loans represented by the Agreements, a security interest in the Aircraft described as follows: (1) Bombardier Challenger aircraft Model No.: CL-600-2B16, Serial No. 5145, and registration No.: N1DH; and two (2) General Electric model CF34-3 jet engines with serial numbers 807106 and 807107; together with all other property essential and appropriate to the operation of the Aircraft, including but not limited to all instruments, avionics, auxiliary power units, Aircraft and accessories attached to, connected with or related to the Aircraft, and all logs, manuals and other documents issued for, or reflecting use or maintenance of, the Aircraft and, all manufacturer's and suppliers' warranties with respect to

the foregoing and all right and remedies under any maintenance or servicing contracts with respect to the Aircraft (including rights under prepaid accounts or monies held in trust pursuant thereto).

3. The Agreements entitle Gelco to immediately repossess and remove the Aircraft in the event of a payment default by Den-Star.

4. Gelco has notified Den-Star of its default under the Agreements and demanded possession of the Aircraft.

6. Den-Star has possession of the Aircraft and therefore has the ability to remove it from this Court's jurisdiction before a judgment can be rendered on this matter.

7. Gelco will suffer irreparable injury for which no adequate remedy at law exists unless Den-Star and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Aircraft; (b) ordered to advise Gelco of the location or locations of the Aircraft; and (c) ordered to surrender the Aircraft to Gelco.

8. Gelco has satisfied the grounds necessary for injunctive relief.

9. Den-Star, without either admitting or denying these allegations, is willing to stipulate to the Court entering the stipulated order set forth below.

Based upon the foregoing allegations and the stipulation of the parties, the parties stipulate and agree to the entry of an Order in the form attached hereto.

Based upon the foregoing allegations and the stipulation of the parties, IT IS HEREBY ORDERED THAT:

    1. Den-Star and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment) and any other person or firm having actual notice of this Temporary Restraining Order, including but not limited to the domestic agents of Den-Star, together with their officers, directors, or employees (acting within the scope of his or her office or employment), are hereby
- 2 -

US_ACTIVE-101696268.1-515998-00152

enjoined and restrained, until expiration of this Temporary Restraining Order by its terms and any extension hereof, from using the Aircraft as of the date of the entry of this Temporary Restraining Order;

2. Den-Star and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her officer or employment) and any other person or firm having actual notice of this Temporary Restraining Order, including but not limited to the domestic agents of Den-Star, together with their officers, directors, or employees (acting within the scope of his or her office or employment), are hereby ordered to immediately disclose the precise location of the Aircraft to Gelco or to agents designated by Gelco in order for Gelco to reclaim same;

3. Den-Star and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment) and any other person or firm having actual notice of this Temporary Restraining Order, including but not limited to the domestic agents of Den-Star, together with their officers, directors, or employees (acting within the scope of his or her office or employment), are hereby enjoined from restricting the access of Gelco to the Aircraft;

4. Den-Star and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment) and any other person or firm having actual notice of this Temporary Restraining Order, including but not limited to the domestic agents of Den-Star, together with their officers, directors, or employees (acting within the scope of his or her office or employment), are hereby ordered to immediately surrender the Aircraft in their possession to Gelco, and forthwith take all actions necessary to allow Gelco to obtain access to and possession of the Aircraft, including terminating sub-leases, if any, and obtaining the Aircraft from third party sub-lessors or agents and execute appropriate documents suitable to the Federal Aviation Administration as well as the International Registry of Mobile Assets in accordance with the Cape Town Convention to effect the surrender of the Aircraft to Gelco;

5. Den-Star shall immediately notify all of its responsible managing agents, officers, directors, and employees of the entry of this Temporary Restraining Order;

6. This Temporary Restraining Order is effective without the necessity of posting a bond; and

7. Notwithstanding anything above to the contrary, Den-Star shall be entitled to remove from the Aircraft items of personal property not connected with operation of the Aircraft or subject to Gelco's security agreement (i.e., blankets, DVD's, etc.).

8. The stipulated injunctive relief set forth herein will remain in effect until further order of the Court.

Dated: May 27, 2009

BY THE COURT:

s/David S. Doty
David S. Doty, Judge
United States District Court