IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GELCO CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>DEN-STAR OF MINNESOTA, LLC, a Minnesota limited liability company,<br><br>            Defendant. | Civil Case No. 09-cv-1228 (DSD/AJB) |

**NOTICE OF DISMISSAL WITHOUT PREJUDICE**

### Background

1.     Plaintiff Gelco Corporation ("Gelco") commenced this Action to enjoin Defendant Den-Star of Minnesota LLC ("Den-Star") from using the Aircraft[1] and requiring Den-Star to surrender possession of the Aircraft to Gelco due to Den-Star's default under the Agreements[2] thus entitling Gelco to immediate possession of the Aircraft.

---

[1] Bombardier Challenger aircraft Model No.: CL-600-2B16, Serial No. 5145, and registration No.: N1DH; and two (2) General Electric model CF34-3 jet engines with serial numbers 807106 and 807107; together with all other property essential and appropriate to the operation of the Aircraft, including but not limited to all instruments, avionics, auxiliary power units, Aircraft and accessories attached to, connected with or related to the Aircraft, and all logs, manuals and other documents issued for, or reflecting use or maintenance of, the Aircraft and, all manufacturer's and suppliers' warranties with respect to the forgoing and all right and remedies under any maintenance or servicing contracts with respect to the Aircraft (including rights under prepaid accounts or monies held in trust pursuant thereto) (collectively, the "Aircraft").

[2] On or about August 22, 2007, Non-Party VFS Financing, Inc. ("VFS"), as lender, and Den-Star, as borrower, executed an Aircraft Security Agreement (the "Security Agreement"), pursuant to which Den-Star granted to VFS a first priority security interest in the Aircraft. Also on or about August 22, 2007, Den-Star, in connection with the loan referenced in the Security Agreement, executed a Promissory Note in favor of VFS (the "First Note") in the amount of $12,800,000.00. On or about September 18, 2007, Den-Star, in connection with the loan referenced in the Security Agreement, executed a Promissory Note in favor of VFS (the "Second Note") in the amount of $138,300.00. On or about November 1, 2007, Den-Star, in connection with the loan referenced in the Security Agreement, executed a Promissory Note in favor of VFS (the "Third Note" and together with the First Note and the Second Note, the "Notes") in the amount of $218,896.10. Subsequent to making the loans evidenced by the Notes and the Security Agreement (collectively, the "Agreements"), VFS assigned to Gelco VFS' entire right, title and interest in the Agreements. Den-Star's defaults include its failure to make loan repayment installments due and owing to Gelco under the Notes.

2. After commencing this Action, Den-Star and Gelco, through their attorneys, executed a Stipulation[3] pursuant to which, among other things, Den-Star stipulated to the entry of a Stipulated Temporary Restraining Order by the Court.[4]

3. Pursuant to the terms of the Stipulated Temporary Restraining Order, Den-Star was obligated to, among other things, to "take all actions necessary to allow Gelco to obtain access to and possession of the Aircraft, including terminating sub-leases, if any, and obtaining the Aircraft from third party sub-lessors or agents and execute appropriate documents suitable to the Federal Aviation Administration as well as the International Registry of Mobile Assets in accordance with the Cape Town Convention to effect the surrender of the Aircraft to Gelco."

4. Den-Star complied with the Stipulated Temporary Restraining Order by surrendering the Aircraft to Gelco in accordance with the terms of the Stipulated Temporary Restraining Order.

5. Because Den-Star has addressed the relief requested by Gelco in the Action and there being no additional claims asserted by Gelco in the Action, Gelco has concluded that it is not necessary to continue to this Action at this time.

---

[3] CM/ECF Docket No. 5.

[4] CM/ECF Docket No. 6.

**Notice of Dismissal Without Prejudice**

As a result of the foregoing, Gelco, by and through its attorneys, voluntarily dismisses this case without prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(i), each party to bear its own fees and costs. The Clerk is respectfully requested to close this case.

Dated: November 30, 2009.

By: /s/ Paul L. Ratelle
Paul L. Ratelle (#127632)
Jeffrey W. Jones (#311418)
FABYANSKE, WESTRA & HART, P.A.
800 LaSalle Avenue
Suite 1900
Minneapolis, Minnesota 55402
(612) 338-0115

Aaron B. Chapin (#386606)
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
312.207.1000
Fax 312.207.6400

**ATTORNEYS FOR PLAINTIFF
GELCO CORPORATION**